UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY WRIGHT, JR.,

        Petitioner,               Case Number: 2:11-CV-12617

v.                                         HONORABLE ARTHUR J. TARNOW

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION TO STAY PROCEEDINGS TO ENFORCE A JUDGMENT
AND ADMINISTRATIVELY CLOSING CASE**

      Petitioner Kelly Wright, Jr., presently confined at the Michigan Reformatory in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se,* Petitioner challenges his convictions for two counts of first-degree murder, two counts of assault with intent to commit murder, one count of first-degree criminal sexual conduct, and one count of possession of a firearm during the commission of a felony.  On the same date he filed the instant petition, Petitioner filed a Motion to Stay Proceedings to Enforce a Judgment, in which he asks the Court to stay further proceedings so that he may exhaust additional claims in state court.

      State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The doctrine of

exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir.2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006), *quoting O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Woodford*, 548 U.S. at 92. The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160. Petitioner asks the Court to stay the habeas corpus proceedings so that he may comply with the exhaustion requirement.

     A federal district court has discretion to stay a habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and

when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition and that Petitioner has demonstrated the need for a stay.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the

petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Stay Proceedings to Enforce a Judgment [dkt. # 2] is **GRANTED**. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this Order and a motion to lift the stay and amended petition in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

DATED:   August 16, 2011                   S/ARTHUR J. TARNOW
                                           ARTHUR J. TARNOW
                                           United States Senior District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2011, by electronic and/or ordinary mail.

                                           s/Shawntel R. Jackson
                                           Case Manager